UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN P. ADAMS PROPERTIES, INC.,
JOHN P. ADAMS, and ANN D. ADAMS,

    Plaintiffs,

v.                                                                         CASE NO: 8:10-cv-2519-T-26AEP

BB&T CORPORATION,

    Defendant.
_____/

**O R D E R**

Before the Court is BB&T Corporation's Motion to Dismiss Plaintiff's Complaint (Dkt. 3), and Plaintiffs' Response. (Dkt. 8). After careful consideration of the allegations of the Complaint (Dkt. 2), which the Court must accept as true at this juncture of the proceedings, the Court concludes that the motion should be denied.

Defendant asserts three grounds for dismissal of the complaint: (1) the agreement between the parties is not unitary as alleged in paragraphs 12 and 21, because the promissory note was signed over a year after the lease was signed and because the lease contains a merger clause; (2) rescission requires allegations of some type of inequitable conduct, which is not alleged in the complaint; and (3) no basis for damages against

BB&T has been alleged. With respect to the first ground, Defendant cites two cases[1] that were not decided on motions to dismiss, but rather were decided after the facts of the cases had been developed. Plaintiffs have cited Florida cases that stand for the proposition that all of the agreements do not have to be executed at the same time to act as a unitary agreement. See Quix Snaxx, Inc. v. Sorensen, 710 So.2d 152, 153 (Fla.Dist.Ct.App. 1998) (holding that where written document sufficiently describes another, the other may be interpreted as part of the first); Cushman v. Smith, 528 So.2d 962, 964 (Fla.Dist.Ct.App. 1988) (holding that writings must be construed together if such agreement is evidenced by two or more writings). Plaintiffs are correct that a total integration clause acts to merge all prior and contemporaneous oral agreements into the written, executed agreement. See, e.g., Nobles v. Citizens Mortg. Corp., 479 So.2d 822 (Fla.Dist.Ct.App. 1985) (setting forth rules applicable to integration clauses). The contention in this case, however, does not encompass allegations of fraud prior to the execution of the lease agreement, but rather addresses the dependent covenants existing between the former lease agreement and the latter loan agreement. Moreover, as Plaintiffs assert, BB&T, under the facts as alleged, is potentially subject to the defenses of the FDIC's breach. See WRH Mortg., Inc. v. S.A.S. Assocs., 214 F.3d 528 (4th Cir. 2000).

---

[1] Ameritrust Co., N.A. v. C.K. White, 73 F.3d 1553 (11th Cir. 1996) (holding based on Georgia law); Kiser v. Goodwin, 84 S.E.2d 474 (Ga.App. 1954).

With respect to the second ground regarding rescission, Plaintiffs' position that their allegation that a material dependent covenant has been breached suffices at this juncture to state a claim for rescission.  See Hibiscus Assocs. Ltd. v. Board of Trustees, 50 F.3d 908, 916 (11th Cir. 1995) (stating that Florida law recognizes exception to general rescission rule where breach of dependent covenant exists).  As to the assertion that Plaintiffs may not seek damages from BB&T, Plaintiffs persuasively argue that they have been paying BB&T the payments under the loan, and courts of equity maintain the power to fashion relief in the form of a refund.

In the Court's view, for the reasons expressed, the allegations of Plaintiffs' complaint are more than sufficient to raise a right to relief above the speculative level and to state plausible claims for relief against Defendant for rescission and damages, as required by Atlantic Corp. v. Twombly, 550 U.S. 544, 561-61, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007).  Accordingly, it is **ORDERED AND ADJUDGED** that BB&T Corporation's Motion to Dismiss Plaintiff's Complaint (Dkt. 3) is **DENIED**.  Defendant shall file its answer and defenses within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on January 14, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record